IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CARL ESTWICK, Defendant. | 8:22–CR–125 PRELIMINARY ORDER OF FORFEITURE AND FORFEITURE MONEY JUDGMENT |

This matter is before the Court on the Government's "Motion for Preliminary Order of Forfeiture as to the Vehicle and Forfeiture Money Judgment." Filing 331. Having reviewed the record in this case and being duly advised in the premises, the Court finds as follows:

1. On January 31, 2024, Defendant Carl Estwick and the Government entered into a plea agreement which provided that the Defendant would plead guilty to Count XIII of the Superseding Indictment. Filing 303 at 1. Count XIII charges the Defendant with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Filing 178 at 17. In exchange, the Government agreed to dismiss Counts I, XIV, XIX, and XX of the Superseding Indictment at the time of sentencing. Filing 303 at 1.

2. Pursuant to this agreement, Estwick further agreed to admit to paragraphs 2(a) and 2(b) of the Forfeiture Allegation included in the Superseding Indictment. Filing 303 at 1. Paragraph 2(a) of the Forfeiture Allegation provides that the property to be forfeited includes "[a] money judgment in an amount equal to the proceeds obtained as a result of the offenses[,]" while paragraph 2(b) of the Forfeiture Allegation provides that a "2006 Bentley, VIN: SCBBR53W06C033988, titled in the name of CARL ESTWICK" is property to be forfeited. Filing 178 at 22–23. The plea agreement specifically provides that the Defendant "agrees that the specific

1

property to be forfeited is a 2006 Bentley, VIN: SCBBR53W06C033988, and agrees to entry of a money judgement against [him] for $432,553.00, an amount equal to the proceeds of the Paycheck Protection Program and/or Economic Injury Disaster Loans and advance [he] obtained." Filing 303 at 1.

3. The beginning of the Forfeiture Allegation states that it is "alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A)." Filing 178 at 22. At another point in the Forfeiture Allegation, it states that the Defendant "shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such violation." Filing 178 at 22. However, the concluding paragraph of the Forfeiture Allegation makes clear that it is all made "pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(A), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure." Filing 178 at 23.

4. On January 31, 2024, the Defendant appeared before a United States Magistrate Judge for a Change of Plea Hearing. Filing 316 at 1–2. Consistent with his plea agreement, the Defendant confirmed that he intended to withdraw his previous not guilty plea and enter a guilty plea to Count XIII of the Superseding Indictment. Filing 316 at 3, 8, 22, 25. During the Change of Plea Hearing, the Defendant also admitted to Paragraphs 2(a) and 2(b) of the Forfeiture Allegation. Filing 316 at 8, 11, 16, 23, 26. The Magistrate Judge discussed both the money and the property described in the plea agreement and then specifically asked the Defendant whether he admitted to the "allegations as set forth in paragraphs 2A and 2B of the forfeiture allegation" and whether he agreed "that this money or property was, in fact, used on way or another with respect to the crime

2

alleged . . . and/or proceeds of property purchased from the crime alleged." Filing 316 at 23–24. The Defendant responded in the affirmative to both questions. Filing 316 at 23–24. Following the hearing, the Magistrate Judge submitted a written Findings and Recommendation recommending that the Court accept the Defendant's plea to Count XIII. Filing 300 at 1–2. After conducting a *de novo* review of the matter, the Court accepted the Defendant's plea.

6. By virtue of the Defendant's plea of guilty and his admissions at the Change of Plea Hearing, the Defendant has forfeited his interest in the 2006 Bentley, VIN: SCBBR53W06C033988, titled in the name of CARL ESTWICK. The Government is entitled to possession of the 2006 Bentley, VIN: SCBBR53W06C033988, titled in the name of CARL ESTWICK, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853. The Government's Motion for a Preliminary Order of Forfeiture should therefore be granted.

7. Additionally, the Government's Motion for a Forfeiture Money Judgment in the amount of $432,553.00, which represents an amount equal to the proceeds of the Paycheck Protection Program and/or Economic Injury Disaster Loans that the Defendant obtained, should be granted.

8. As a final matter, the Court notes that the Government invoked both the civil forfeiture statute (18 U.S.C. § 981) and the criminal forfeiture statute (18 U.S.C. § 982) in the Forfeiture Allegation and its Motion. *See* Filing 178 at 22–23; Filing 331 at 1–2. However, because the Defendant has pleaded guilty to wire fraud under 18 U.S.C. § 1343, the civil forfeiture statute, § 981, applies. *See United States v. Waits*, 919 F.3d 1090, 1096 (8th Cir. 2019). The Defendant did not plead guilty to a species of wire fraud for which criminal forfeiture under § 982 applies as best evidenced by the fact that all parties agree the Defendant is subject to a 20-year maximum term of imprisonment rather than the 30-year maximum term of imprisonment that governs when the wire

fraud offense affects a financial institution. *See* Filing 303 at 4; Filing 316 at 10–11; *United States v. Garbacz*, 33 F.4th 459, 472 (8th Cir. 2022) (noting that 18 U.S.C. § 1343 imposes a higher maximum sentence for wire fraud conditions if the violation affects a financial institution). Here, the Defendant did not plead guilty to wire fraud that "affects a financial institution," and, thus, 18 U.S.C. § 982(a)(2)(A) is inapposite because that criminal forfeiture statute only applies to wire fraud offenses "affecting a financial institution[.]" *See* 18 U.S.C. § 982(a)(2).

However, because the Forfeiture Allegation also correctly cites to the proper, civil forfeiture statute, 18 U.S.C. § 981(c)(1)(A)—which does apply to the wire fraud offense in this case—the Court concludes that the references to 18 U.S.C. § 982 do not invalidate an otherwise valid forfeiture. *See Garbacz*, 33 F.4th at 472 (citing to Rule 52(a) of the Federal Rules of Criminal Procedure in support of its conclusion that no matter whether the civil or criminal wire fraud statute applied to a case involving wire fraud, the property at issue was forfeitable under either standard). Like the property at issue in *Garbacz*, and for the reasons previously explained in this Order, the Court concludes that the property at issue here was "derived from proceeds that were 'obtained directly or indirectly' as a result of wire fraud and were 'traceable to' wire fraud." *Id.* at 473 (citing 18 U.S.C. §§ 982(a)(2)(A) and 981(a)(1)(C)). During the Change of Plea Hearing, the Defendant agreed "that this money or property was, in fact, used on way or another with respect to the crime alleged . . . and/or proceeds of property purchased from the crime alleged." Filing 316 at 23–24. The Eighth Circuit has previously upheld orders of forfeiture in similar circumstances even when the indictment only cited 18 U.S.C. § 982. *See United States v. Waits*, 830 F. App'x 790 (8th Cir. 2020) ("Although the indictment cited only 18 U.S.C. § 982, [the defendant] had adequate notice that the government intended to seek forfeiture"). Here, the Forfeiture Allegation repeatedly, and

4

correctly, cited to 18 U.S.C. § 981(a)(1)(C). *See* Filing 178 at 22–23. Any reference to § 982 in this case does not affect the Defendant's substantial rights and must be disregarded. *See Garbacz, 33 F.4th 472* (citing Fed. R. Crim. P. 52(a)); *see also United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008) ("Listing the wrong forfeiture statute did not prevent [the defendant] from receiving notice under Rule 32.2(a)"). Accordingly,

IT IS ORDERED:

1. The Government's "Motion for Preliminary Order of Forfeiture as to the Vehicle and Forfeiture Money Judgment, Filing 331, is granted.

2. Based upon the Forfeiture Allegation of the Superseding Indictment, the Defendant's plea of guilty to Count XIII of the Superseding Indictment, and the Defendant's admissions during his Change of Plea Hearing, the Government is hereby authorized to seize the 2006 Bentley, VIN: SCBBR53W06C033988, titled in the name of CARL ESTWICK.

3. The Defendant's interest in the subject Property is hereby forfeited to the Government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1) 18 U.S.C. § 981(a)(l)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

4. The subject Property is to be held by the Government in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov., notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the Property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the Property and any additional facts supporting the Petitioner's claim and the relief sought.

7. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the Property as a substitute for published notice as to those persons so notified.

8. The Defendant shall be, and hereby is, liable for a forfeiture money judgment in the amount of $432,553.00

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), 18 U.S.C. § 981(a)(l)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure, in which all interests will be addressed.

Dated this 15th day of March, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge